IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JLG-G, A MINOR CHILD, BY RAYNARD
STRUCK ESQ, *GUARDIAN AD LITEM* OF THE
MINOR PLAINTIFF and SILVIA GARCIA,

        Plaintiffs,

v.                                          Case No. 1:18-CV-820

UNITED STATES OF AMERICA,

        Defendant,

## COMPLAINT FOR MEDICAL NEGLIGENCE AND RESPONDEAT SUPERIOR RESULTING IN PERSONAL INJURIES, DAMAGES AND LOSS OF CONSORTIUM

COMES NOW the Plaintiff, JLG-G, a minor child by Raynard Struck, Esq., his court appointed *Guardian Ad Litem* and the Plaintiff Silvia Garcia, the minor's mother, by and through their attorneys of record Will Ferguson & Associates (Robert C. Gutierrez) and Eaton & Eaton Law PC (Kathryn L. Eaton) and pursuant to the Federal Rules of Civil Procedure  hereby state for their complaint against the Defendant United States Of America the following:

### INTRODUCTION/PARTIES/JURISDICTIONAL ALLEGATIONS

1.      This is a civil lawsuit for personal injuries, damages and loss of consortium arising from negligent medical care provided to  minor Plaintiff JLG-G on December 30, 2015 by  First Choice Community  Healthcare  Inc.,  South  Valley  Medical  Clinic,  2001  N.  Centro  Familiar  SW, Albuquerque,  New  Mexico,  87105  (herein  also  First  Choice)  and  its  employees,  ostensible employees or agents, including but not limited to Dr. Christopher French (herein also Dr. French).

2.      On August 9th, 2017 Melissa Manlove, COO of First Choice  advised Plaintiffs by letter that First Choice is a health care center covered under the Federal Tort Claims Act and that Dr.

Christopher French is and was in December 2015 an employed physician provider of First Choice for purposes of the FTCA. [Please see Attachment #1, 08.09.17 letter from First Choice]

3.      This Court has jurisdiction pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 2679.

4.      On December 11th, 2017, pursuant to 28 U.S.C. Section 2679 both Plaintiffs properly filed /served each of their *Standard Form 95 Federal Tort Claim For Damage, Injury, or Death* against the United States of America via FedEx delivery service upon the U.S. Department of Health and Human Services and also upon Office of General Counsel for the allegations of medical negligence of First Choice Community Healthcare Inc., South Valley Medical Clinic, 2001 N. Centro Familiar SW, Albuquerque, New Mexico, 87105 and its employees, ostensible employees or agents, including but not limited to Dr. Christopher French that is the subject of this lawsuit.

5.      Plaintiffs received Fed Ex confirmation of delivery dated December 13th, 2017 of each of their *Standard Form 95 Federal Tort Claim For Damage, Injury, or Death* made against the United States of America that was delivered / served upon the U.S. Department of Health and Human Services and Office of General Counsel.

6.      By letter dated January 17th, 2018 the Office of General Counsel, Claims Office for the Department Of Health & Human Services acknowledged receipt of both Plaintiffs *Standard Form 95 Federal Tort Claim For Damage, Injury, or Death* Federal Tort Claims effective December 13th, 2017 and assigned claim numbers 2018-0117 and 2018-0123, respectively. [Please see Attachment #2, 01.17.18 letter from Office Of General Counsel]

7.      In that same letter, the Office Of General Counsel requested certain medical records, billings and other evidence to substantiate the Plaintiffs Federal Tort Claims. Although ALL of the documentation and information requested by the Office Of General Counsel had already been properly delivered with the Plaintiffs two *Standard Form 95 Federal Tort Claim For Damage,*

*Injury, or Death* back on December 13th, 2017, on January 23rd, 2018 both Plaintiffs promptly provided a duplicate additional copy of everything requested to Office of the General Counsel. On January 24th, 2018 Plaintiffs received FedEx confirmation of delivery for both supplemental claims packages to Office of the General Counsel. [Please see Attachment #3, 01.23.18 letter for claim #2018-0117 by Plaintiff, JLG-G, a minor child by Raynard Struck, Esq., his court appointed *Guardian Ad Litem* and see Attachment #4, 01.23.18 letter for claim #2018-0123 by Plaintiff Silvia Garcia]

8.      To date, Plaintiffs have not been provided any determination by the Office of General Counsel regarding the merits of Plaintiffs' claims.

9.      Because the six (6) month period has now expired without response by Defendant United States of America, the Plaintiffs have exhausted the administrative remedies under 28 U.S.C. Section 2679 and the Plaintiffs are now permitted to file this civil lawsuit in the U.S. District Court for the District of New Mexico.

### GENERAL FACTUAL ALLEGATIONS

10.     The minor Plaintiff, JLG-G, born January 24, 2001, resides with his mother Silvia Garcia in the City of Albuquerque, County of Bernalillo, State of New Mexico.

11.     Plaintiff Silvia Garcia is an adult over the age of eighteen who resides in Albuquerque, Bernalillo County, New Mexico, is the minor Plaintiff's biological mother and is competent to bring her claim in this lawsuit.

12.     Silvia Garcia petitioned the Second Judicial District Court to appoint Mr. Raynard Struck, Esq., as the *Guardian Ad Litem* of her minor son for the purposes of representing him in all stages of the investigation, litigation, or resolution of this medical negligence matter.

13.     Mr. Raynard Struck, Esq., was appointed *Guardian Ad Litem* of the minor Plaintiff, JLG-G, IN THE MATTER OF JLG-G, a minor, Silvia Garcia individually and as the mother, natural parent and next friend of her son JLG-G, a minor Cause# D-202-CV-2017-04355. [see Attachment #5 *ORDER APPOINTING GUARDIAN AD LITEM* filed 06.20.17]

14.     Defendant United States of America is and was at all times material hereto the owner and/or operator of First Choice Community Healthcare Inc., South Valley Medical Clinic, 2001 N. Centro Familiar SW, Albuquerque, New Mexico, 87105 ( First Choice) for the purpose of providing medical healthcare services to the public.

15.     The Defendant United States of America through First Choice Community Healthcare Inc., South Valley Medical Clinic, 2001 N. Centro Familiar SW, Albuquerque, New Mexico, 87105 was the employer, ostensible employer or principal of certain physicians, registered nurses, nurse practitioners, physicians assistants and/or technicians who provided medical care for minor Plaintiff, JLG-G on December 30, 2015, including but not limited to Dr. French.  All of these employees, ostensible employees, agents or apparent agents of the Defendant were acting within the course and scope of their employment or agency with the Defendant when providing medical care and treatment to minor Plaintiff JLG-G on December 30, 2015.

16.     On December 30th, 2015, the minor JLG-G had stomach pain and fever. His mother, the Plaintiff Silvia Garcia, took him to First Choice where he was seen, examined and cared for by Dr. French.  In the History of Present Illness section Defendant's medical clinic note it records  minor JLG-G had: "4 days of pain in the stomach when rising or lying down or twisting, in the RLQ and also a bit on the left." It also documents the minor had decreased appetite, fever and shaking.

17.     In the <u>Physical Exam</u> portion of Defendant's clinic note Dr. French recorded: "Abd sit tenderness when lowering the patient to the prone position."  This documentation of pain on movement for  minor JLG-G elicited by  having the minor sit up and lay prone during the examination causes a passive movement of the psoas muscle and has a high correlation for appendicitis, according to medical literature. and clinical scales used by doctors.

18.     Dr. French failed to  mention whether there was or was not rebound tenderness during examination, which is standard of care for a proper abdominal examination for a patient with  minor JLG-G's symptoms and history.

19.     In the <u>Physical Exam</u> portion of Defendant's clinic note,  Dr. French documents minor JLG-G having minimal tenderness in the right lower quadrant and a bit less so on the left. However, Dr. French failed  to quantify or compare this pain  to the tenderness  elicited during the psoas maneuver. Dr. French's  exam also failed to mention whether there was abdominal rigidity or patient stiffening of abdominal muscles in response to palpation.

20.     In the <u>Physical Exam</u> portion of Defendant's clinic note,  Dr. French documented that minor JLG-G  was tachycardic with a racing  rate recorded at 126.  This was more than double minor JLG-G's normal heart  rate recorded in  Defendant's medical records as being "60" during  minor JLG-G's November 2nd, 2015 clinic visit and recorded to be "56" during his May 26th, 2015  clinic visit.

21.     Although tachycardia was noted by Dr. French, he did nothing to determine its cause. The minor JLG-G's  elevated heart rate is inconsistent with those portions of Defendant's clinic note hinting that  the minor JLG-G was getting better or in minimal pain.

22.     In addition to ignoring minor JLG-G's   elevated heart rate, Dr. French didn't do any laboratory studies or other diagnostic testing to evaluate the cause of minor JLG-G's abdominal pain.

Dr. French failed to order or perform an abdominal x-ray, abdominal ultrasound,  abdominal CT scan, complete blood work up and/or urinalysis.

23.     Any of the aforementioned  testing would have assisted in evaluating and diagnosing the cause of minor JLG-G's abdominal pain. Abdominal X-ray or ultrasound are used to evaluate and diagnose the cause of abdominal pain. A abdominal CT scan is the gold standard to evaluate possible appendicitis. A CBC would have shown whether the WBC  was elevated  and whether there was a left shift. Evidence of leukocytosis (elevated WBC), especially with a left shift is indicative of an infection or other inflamation, such as an appendicitis. A simple urine analysis would have assisted in ruling out a urinary tract infection or kidney stone as the possible cause of the abdominal pain.

24.     Given  minor JLG-G's history of pain on movement in the right lower quadrant and also a bit on the left, decreased appetite, fever and shaking, along with Dr. French's examination documenting abdominal tenderness or pain with movement with very elevated heart rate, the medical standard of care required appropriate laboratory studies and diagnostic testing to evaluate, diagnose and treat the minor JLG-G and  if some or all of this testing was not available at Defendant's medical clinic, the standard of care required Dr. French  to immediately refer the minor JLG-G  to a hospital Emergency Department for a complete work up of the cause of the stomach pain.

25.     Although the minor JLG-G's <u>Chief Complaint,</u> <u>History of Present Illness</u>, and  <u>Physical Exam</u> were all indicative of appendicitis, Dr. French diagnosed him with "Stomach pain", which is more of  a symptom than a diagnosis. Minor JLG-G was a sick child and Dr. French had not determined why he was sick.  In the clinic note Dr. French recorded: " *Instructed patient's mother to keep eye on him and I anticipate that he will slowly improve. If, however, he should get intense*

*pain, particularly in the RLQ he should be taken to the ED where a wu up of appendix could be undertaken*."

26.    Dr. French failed to promptly refer minor JLG-G from the First Choice clinic directly to a hospital Emergency Department for appendicitis work up and surgical consult for an acute abdomen.

27.    Dr. French failed to consider his "whole patient" and surrounding circumstances when he sent minor JLG-G home knowing that he was a 14 year old boy that was in so much pain that he sought medical help during his holiday vacation and that the next couple days were traditional holidays.

28.    According to minor JLG-G and his mother Silvia Garcia, Dr. French spent just a few minutes with her son at his December 30th, 2015 clinic visit. According to Defendant's clinic note Dr. French spent about five (5) minutes with minor JLG-G, with the First Choice clinic visit beginning at 4:03 pm and ending at 04:08 pm.

29.    Following the subject clinic visit at First Choice on Wednesday afternoon December 30th, 2015, minor JLG-G did not "slowly improve" as Dr. French had indicated would happen, but he also didn't get "intense abdominal pain, particularly in the RLQ", like Dr. French had said could happen. Minor JLG-G's mother Silvia Garcia tried to give him some time to "slowly improve" but on Friday afternoon, January 1st, 2016 she was concerned that her son wasn't getting better, so Silvia Garcia took her son to the emergency room of the University of New Mexico Hospital / University of New Mexico Health Sciences Center (herein UNMH) in Albuquerque, New Mexico.

30.    Minor JLG-G was seen in the UNMH Emergency Department about 4:12 pm on January 1st, 2016. A CT scan of the abdomen and pelvis confirmed a likely perforated appendicitis with a right

lower quadrant retrocecal abscess. He was hospitalized for immediate treatment of the ruptured appendix and related processes, including acute abscess formation, with resultant septic shock and acute kidney injury. Over the days and weeks, leading into months, that minor JLG-G  stayed at UNMH, his injuries became more clearly discernable: the disease process of bacteremia to septic shock caused a global hypoxic brain injury resulting in neurological and cognitive deficits, seizures, and incomplete quadriplegia. Minor JLG-G remained hospitalized for eight months until his discharge on September 2nd, 2016.

31.     Following his discharge from the UNM Hospital on September 2nd, 2016, minor JLG-G  has required extensive follow-up medical care though UNM and its pediatric branch, Carrie Tingley Hospital. He continues to receive treatment in the following outpatient clinics: Neurology; Pediatric Nephrology; Pediatric Gastroenterology; and Pediatric Rehabilitation. Through the Pediatric Rehabilitation Department, he has received weekly Occupational Therapy, Physical Therapy and Speech Therapy. The UNM Hospital / University Of New Mexico Health Sciences Center billings from January 1, 2016 thru September 30, 2017 total the sum of approximately $1,274,623.65. Additionally, the UNM Medical Group billings (physician bills) from January 1, 2016 thru September 30, 2017 total  the sum of approximately $153,047.00.

32.     Prior to December 30, 2015, minor JLG-G  was an ordinary kid in the middle of his eighth grade year at South Valley Preparatory Academy in Albuquerque, on the precipice of becoming a full-fledged teenager. He had no physical disabilities, nor any learning disabilities or cognitive delays or defects.

33.     Defendant's medical negligence caused minor JLG-G catastrophic injuries, including severe brain injury and significant mobility dysfunction, for which he'll require maximum assistance for

all his daily living activities and special medical care for the rest of his life. He'll also need life, school and work accommodations. Minor JLG-G has severe permanent physical restrictions as well as significant neurological and cognitive impairments. Once able to stand, walk and run on his own, he is now dependent in all activities of daily living. He is confined to a wheelchair—unable to walk or stand—and requires maximum assistance during transfers into and out of his wheelchair. He is unable to grip or grasp objects, and can barely hold a pen. He cannot feed himself or go to the bathroom by himself. He has to wear diapers. He requires bi-lateral splints to position his wrists and hands. He cannot be left alone for any length of time and is totally dependent upon others. At school he has been assigned a full-time Educational Aide to propel his wheel chair around the school as well as feed him and change his diaper. At home, which is a mobile home/trailer, he is totally dependent upon his mother, the Plaintiff Silvia Garcia or family members. Minor JLG-G may never be capable of holding a job other than through supportive employment. If Plaintiff Silvia Garcia, or some other family member, is unable to continue caring for him as he continues to grow and ages, he may have to be placed in a residential facility. For his entire life minor JLG-G is now dependent upon others and knows that he is helpless without total 24 hour care and support. He has no privacy. His body is the site of continual medical activity. The December 2017 preliminary Life Care Plan estimated minor JLG-G's lifetime costs resulting from Defendant's negligence will exceed ten million dollars and may exceed twenty million dollars.

### COUNT I  MINOR JLG-G CLAIMS FOR
### MEDICAL NEGLIGENCE /MALPRACTICE AND RESPONDEAT SUPERIOR
### AGAINST DEFENDANT UNITED STATES OF AMERICA

34.     Plaintiffs hereby re-allege all preceding paragraphs of this complaint as though set forth in full herein.

35.     At all times material to this complaint while providing medical care to minor JLG-G, Defendant United States of America d/b/a First Choice was under a duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well qualified  medical providers, practicing under same or similar circumstances, giving due consideration to the locality involved.

36.     Defendant United States of America d/b/a First Choice failed to possess and apply the knowledge, skill and care ordinarily used by a reasonably well qualified medical providers acting under same or similar circumstances and giving due consideration to the locality involved when providing medical evaluation, diagnosis, treatment and care of minor JLG-G on December 30, 2015.

37.     Under New Mexico law, Defendant United States of America, as the employer or principal of said employees, ostensible employees, agents and/or apparent agents of First Choice  is vicariously liable for any negligent acts or omissions of First Choice's  medical personnel under the doctrine of *Respondeat Superior*.

38.     Defendant United States through Dr. French and/or its other doctors, radiologists, nurses, technicians, employees, ostensible employees, agents and/or apparent agents,  breached its duties to the Plaintiffs by failing to appropriately and timely examine, evaluate, test, diagnose and/or treat minor JLG-G for appendicitis during his medical appointment of December 30, 2015 at First Choice.

39.     The medical negligence of the Defendant United States of America also includes failing to implement and/or  follow reasonably appropriate policies and procedures at First Choice in December 2015 for the appropriate and timely examination, evaluation, testing, diagnosis and treatment of  patients with pain in the right lower quadrant requiring the need to rule out appendicitis.

40.     Defendant United States of America's negligence was a cause of minor JLG-G's personal injuries, damages and loss, including but not limited to: the nature, extent and duration of injuries; physical pain and suffering both in the past and future; emotional pain and suffering both in the past and future; loss of enjoyment of life in the past and future, including loss of work, hobbies and other recreational activities; the reasonable expense of necessary medical care and treatment needed in the past; reasonably necessary future medical treatment and care; the present cash value of minor JLG-G's lost wages or lost earning capacity in the future; the present cash value of those lost employment benefits in the future; and, other injuries or damages.

WHEREFORE, Plaintiff JLG-G, a minor child, by Raynard Struck Esq, *Guardian Ad Litem* of the minor Plaintiff,  prays for reasonable compensatory damages against Defendant United States of America in an amount to be proven at trial, for costs, for prejudgment and/or post-judgment interest if allowed by law and for such other and further relief as may be permitted by law.

## COUNT II- PLAINTIFF  SILVIA GARCIA'S  LOSS OF CONSORTIUM CLAIM AGAINST DEFENDANT UNITED STATES OF AMERICA

41.     Plaintiff Silvia Garcia hereby re-alleges all preceding paragraphs of this complaint as though set forth in full herein.

42.     Plaintiff Silvia Garcia as the biological mother and parental care giver of minor   JLG-G is in a family relationship living together, raising the minor, sharing everyday activities of living while relying on each other for emotional support and guidance, affection, service, society, harmony, and companionship.

43.     The Defendant United States of America's medical negligence  was a cause of minor   JLG-G's  injures and damages described above, which  caused Plaintiff Silvia Garcia's  loss of minor JLG-G's emotional support, affection, service, society, harmony and companionship.

WHEREFORE, the Plaintiff, Silvia Garcia, hereby requests judgment against the Defendant United States of America for damages in an amount to be proven at trial, for compensatory damages, for costs, pre- and/or post-judgment interest if allowed by law and for such other and further relief as provided by law.

Respectfully submitted:

WILL FERGUSON & ASSOCIATES

   */s/Robert C. Gutierrez*_____
ROBERT C. GUTIERREZ
10090 Coors Blvd NW Ste A
Albuquerque, NM  87114
Phone:(505)243-5566
Fax: (505)897-2279
bob@fergusonlaw.com

and

EATON & EATON LAW PC

 */s/ Kathryn L. Eaton*_____
KATHRYN L. EATON
7103 4th St NW Bldg O-1
Los Ranchos, NM 87107
Phone: (505)235-5591
Fax: (505)433-2581
kathrynleaton@gmail.com

*Attorneys for Plaintiffs*