**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JLG-G, a minor child, by RAYNARD STRUCK,
ESQ., *Guardian ad Litem* of the minor Plaintiff
and SILVIA GARCIA,

  Plaintiffs,

 v.              No. 1:18-cv-00820-SCY-KBM

UNITED STATES OF AMERICA,

  Defendant.

**ANSWER TO COMPLAINT**

  Defendant United States of America answers Plaintiffs' Complaint as follows:

  1. Paragraph 1 of Plaintiffs' Complaint sets forth Plaintiffs' characterization of the action, to which no response is required. To the extent a response may be deemed required, the United States admits only that Plaintiffs have filed this action pursuant to the Federal Tort Claims Act ("FTCA"), but denies that it acted unlawfully and/or that Plaintiffs are entitled to relief.

  2. The United States admits the allegations of paragraph 2 of Plaintiffs' Complaint.

  3. Paragraph 3 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is required, the United States admits only that Plaintiffs have filed under the Federal Tort Claims Act ("FTCA") and that the FTCA vests the district court with exclusive jurisdiction over allegations of negligence against the United States.

  4. With respect to paragraph 4 of Plaintiffs' Complaint, the United States admits Plaintiffs submitted two administrative FTCA claims to the Department of Health and Human Services ("HHS") on December 13, 2017, alleging medical negligence by provider Christopher

1

French, M.D., at First Choice Community Healthcare Inc. ("First Choice") in Albuquerque, New Mexico. The United States denies the remaining inferences and allegations of paragraph 4.

5. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 5 of Plaintiff's Complaint, and therefore they are denied.

6. The United States admits the allegations of paragraph 6 of Plaintiffs' Complaint.

7. With respect to paragraph 7 of Plaintiffs' Complaint, the United States admits that it requested certain medical records, billings and other evidence to substantiate the Plaintiffs' Federal Tort Claims. The United States lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 7, and therefore they are denied.

8. With respect to paragraph 8 of Plaintiffs' Complaint, the United States admits that that as of the filing of Plaintiffs' suit, HHS had not denied the administrative tort claims, but affirmatively states that it subsequently denied the claims on October 5, 2018. The United States denies the remaining inferences and allegations of paragraph 8.

9. Paragraph 9 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is required, the United States admits only that as of the filing of this suit, more than six months had expired since receipt of the claim on December 13, 2017. The United States denies the remaining inferences and allegations of paragraph 9.

## GENERAL FACTUAL ALLEGATIONS

10. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiff's Complaint, and therefore they are denied.

11.     The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of Plaintiff's Complaint, and therefore they are denied.

12.     The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of Plaintiff's Complaint, and therefore they are denied.

13.     The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 13 of Plaintiff's Complaint, and therefore they are denied.

14.     With respect to paragraph 14 of Plaintiffs' Complaint, the United States admits only that First Choice is a non-profit grant recipient under the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§ 233(g) – (n), such that FTCA medical malpractice coverage attaches to it and its employees. The United States denies the remaining inferences and allegations of paragraph 14.

15.     With respect to paragraph 15 of Plaintiffs' Complaint, the United States admits only that First Choice employed individuals, including Dr. French, and that these individuals are eligible for FTCA coverage to the extent they were acting in the scope of their employment performing medical, dental, and/or related functions. The United States denies the remaining inferences and allegations of paragraph 15.

16.     With respect to paragraph 16 of Plaintiffs' Complaint, the United States admits only that JLG-G presented to First Choice on December 30, 2015, complaining of stomach pain, and was seen by Dr. French.  The United States also admits the medical record documents slightly decreased appetite, a history of fever the first two days of his illness, and "some shaking

but less so in the last two days." The United States denies the remaining inferences and allegations of paragraph 16.

17.     With respect to paragraph 17 of Plaintiffs' Complaint, the United States admits only that the medical record notes "[Abdominal slight] tenderness when lowering the patient to the prone position." The United States denies the remaining inferences and allegations of paragraph 17.

18.     The United States denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.     With respect to paragraph 19 of Plaintiffs' Complaint, the United States admits Dr. French documented minor JLG-G having minimal tenderness in the right lower quadrant and a bit less so on the left. The United States denies the remaining inferences and allegations of paragraph 19.

20.     With respect to paragraph 20 of Plaintiffs' Complaint, the United States admits that tachycardia of 125 was documented. The United States denies the remaining inferences and allegations of paragraph 20.

21.     The United States denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.     With respect to paragraph 22 of Plaintiffs' Complaint, the United States admits only that that none of the laboratory or diagnostic testing cited was available at the First Choice clinic at the time of JLG-G's visit. The United States denies the remaining inferences and allegations of paragraph 22.

23.     The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 23 of Plaintiff's Complaint, and therefore they are denied.

24.     The United States denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.     With respect to paragraph 25 of Plaintiffs' Complaint, the United States admits only that Dr. French noted "Instructed patient's mother to keep an eye on him and I anticipate he will slowly improve. If however, he should get intense pain, particularly in the RLQ he should be taken to the ED where a wu up of appendix could be undertaken." The United States denies the remaining inferences and allegations of paragraph 25.

26.     With respect to paragraph 26 of Plaintiffs' Complaint, the United States states that JLG-G did not have an acute abdomen at the time of his visit with Dr. French. The United States denies the remaining inferences and allegations of paragraph 26.

27.     The United States denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.     With respect to paragraph 28 of Plaintiffs' Complaint, the United States admits that the medical records indicate Dr. French visited with JLG-G from 4:03 – 4:08 p.m. The United States denies the remaining inferences and allegations of paragraph 28.

29.     The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29 of Plaintiff's Complaint, and therefore they are denied.

30. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 30 of Plaintiff's Complaint, and therefore they are denied.

31. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 31 of Plaintiff's Complaint, and therefore they are denied.

32. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 32 of Plaintiff's Complaint, and therefore they are denied.

33. The United States denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

## COUNT I – MEDICAL NEGLIGENCE AND RESPONDEAT SUPERIOR

34. In answer to paragraph 34 of Plaintiffs' Complaint, the United States incorporates each of its answers to Plaintiffs' Complaint, paragraphs 1-33, as if fully set forth herein.

35. Paragraph 35 of Plaintiffs' Complaint states legal conclusions to which no response is required. To the extent a response is required, the United States admits only that First Choice and its providers were engaged in the practice of medicine with all attendant legal duties that such practice entails, but denies that it acted unlawfully and/or that Plaintiffs are entitled to relief.

36. The United States denies the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37. Paragraph 37 of Plaintiffs' Complaint states legal conclusions to which no response is required. To the extent a response is required, the United States states that the FTCA is a limited statutory waiver of the sovereign immunity of the United States in relation to suits alleging negligence by employees of the United States acting within the course and scope of such employment, including deemed federal employees such as First Choice and Dr. French. The United States denies the remaining inferences and allegations of paragraph 37.

38. The United States denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39. The United States denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40. The United States denies the allegations contained in paragraph 40 of Plaintiffs' Complaint.

The remainder of Count I of Plaintiffs' Complaint sets forth Plaintiffs' first Prayer for Relief to which no response is required. To the extent that the Court requires a response, the United States denies the allegations contained therein, and denies Plaintiffs' first Prayer for Relief.

## **COUNT II – LOSS OF CONSORTIUM**

41. In answer to paragraph 41 of Plaintiffs' Complaint, the United States incorporates each of its answers to Plaintiffs' Complaint, paragraphs 1-40, as if fully set forth herein.

42. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 42 of Plaintiff's Complaint, and therefore they are denied.

43. The United States denies the allegations contained in paragraph 43 of Plaintiffs' Complaint.

The remainder of Count II of Plaintiffs' Complaint sets forth Plaintiffs' second Prayer for Relief to which no response is required. To the extent that the Court requires a response, the United States denies the allegations contained therein, and denies Plaintiffs' second Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

The United States sets forth the following Defenses:

1. The United States is immune from suit under Plaintiffs' theories of vicarious liability and respondeat superior because the waiver of sovereign immunity in the FTCA only covers torts committed by government employees or deemed employees acting within the scope of their employment.

2. The United States and its agents, employees, and representatives exercised due care and diligence at all times and in all matters alleged in the Complaint, and no act or failure to act by the United States or its personnel was the proximate cause of the alleged damages or loss claimed by Plaintiffs.

3. The injuries or damages, or both, alleged in Plaintiffs' Complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope and course of their employment.

4. The injuries or damages, or both, alleged in the Complaint were proximately caused in whole or in part by the conduct of JLG-G, Silvia Garcia, and/or others who are not employees of the United States.

5. If the United States is liable, which is specifically denied, Plaintiffs' recovery must be reduced to the extent acts and omissions of others were the independent, intervening, and superseding causes of Plaintiffs' alleged injuries.

6. If the United States is liable, which is specifically denied, Plaintiffs' recovery must be reduced to the extent Plaintiffs have failed to mitigate their damages.

7. If the United States is liable, which is specifically denied, Plaintiffs' recovery must be reduced to the extent Plaintiffs' assumption of the risk is attributed to their injuries.

8. If the United States is liable, which is specifically denied, Plaintiffs are limited to $600,000 in past economic and non-economic damages pursuant to NMSA § 41-5-6.

9. This court lacks subject matter jurisdiction over any claims which were not the subject of an administrative claim timely and properly presented pursuant to 28 U.S.C. § 2675(a).

10. Plaintiffs' recovery, if any, is limited to the amount of the claim that Plaintiffs properly presented administratively. See 28 U.S.C. § 2675(b).

11. Attorney's fees are taken out of the judgment or settlement and are governed by statute. See 28 U.S.C. § 2678.

12. The United States is not liable for prejudgment interest or punitive damages. See 28 U.S.C. § 2674.

13. Recovery by Plaintiffs, if any, is subject to the availability of appropriated funds. 42 U.S.C. § 233(k)(2).

14. The United States has, or may have, additional affirmative or other defenses which are not known at this time, but which may be ascertained through discovery. The United

States specifically preserves these and other affirmative or other defenses as they are ascertained through discovery.

      WHEREFORE, the United States respectfully requests that Plaintiffs' Complaint against the United States be dismissed with prejudice, that judgment be entered in favor of the United States, and for such other and further relief, as the Court deems appropriate in this action.

                                        Respectfully submitted,

                                        JOHN C. ANDERSON
                                        United States Attorney

                                        */s/ Erin Langenwalter 10/29/18*
                                        ERIN LANGENWALTER
                                        TIFFANY WALTERS
                                        Assistant United States Attorneys
                                        P.O. Box 607
                                        Albuquerque, NM 87103
                                        (505) 346-7274
                                        Fax: (505) 346-7205
                                        erin.langenwalter@usdoj.gov
                                        tiffany.walters@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 29, 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

                                        */s/ Erin Langenwalter 10/29/18*
                                        ERIN LANGENWALTER
                                        Assistant United States Attorney