# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

### Before the Honorable Steven C. Yarbrough
### United States Magistrate Judge

**Clerk's Minutes**

*JLG-G v. United States of America*
18cv820 SCY/JFR

April 8, 2020, at 3:30 p.m.

**PLAINTIFFS' ATTORNEYS PRESENT**:   Kathryn Lueker-Eaton
                                     Robert Gutierrez
                                     Raynard Struck

**DEFENDANT'S ATTORNEYS PRESENT**:   Erin Langenwalter

**TYPE OF PROCEEDING:** Telephonic Status Conference
                        Total Time – 60 minutes

**CLERK'S MINUTES:**

- The parties requested this conference because they have reached a proposed settlement and have a question regarding a fairness hearing and appointment of a GAL.
- Mr. Gutierrez explains that the parties have a question about who should serve as a GAL for the fairness hearing. Mr. Struck was appointed as the GAL for JLG-G at the beginning of the case, so he participated in settlement negotiations. They therefore have concerns that he might have an inherent conflict to review the settlement as the GAL appointed by the Court.
- Ms. Langenwalter believes that Mr. Struck should continue to serve as the GAL because it is not in Plaintiff's best interest to pay for another GAL when Mr. Struck is already familiar with this case.
- Mr. Struck advises the Court that, as the GAL for Plaintiff, he was not neutral and was privy to attorney client communications. This creates the potential for conflict in his ability to fulfill his duties going forward as a GAL for the Court.
- The Court recognizes the potential for a conflict of interest and provides hypothetical examples of how a conflict of interest could arise. The Court also recognizes, however, the value of having a GAL who is already familiar with the facts of the case and notes that it is more concerned about actual conflicts of interest than hypothetical conflicts of interest.

1

- The Court asks Mr. Struck if he is currently aware of any conflict that would prevent him from writing an objective report. Mr. Struck replies that he is not.
- The Court asks Mr. Struck if he is currently aware of any conflict that would prevent him from providing the Court with information relevant to the Court's assessment of whether the settlement is fair. Mr. Struck replies that he is not.
- The Court will appoint Mr. Struck as the GAL to review the settlement in preparation for the fairness hearing. This is in Plaintiff's best interest because appointing a different GAL would delay preparation of the report, would be considerably more expensive, and because Mr. Struck believes he can provide an objective report. Further, the United States is in favor of Mr. Struck serving as the Court appointed guardian ad litem.
- Ms. Langenwalter raises the issue regarding Mr. Struck's fees. The US's position is that the GAL is paid out of the 25% attorneys' fees portion of the settlement, unless the GAL is specifically appointed by the Court. In this case, because Mr. Struck has been the GAL from the beginning of the case, the entirety of his fees should come out of the 25% attorneys' fees.
- Mr. Gutierrez understands that Mr. Struck's fees up to today will come out of the 25% attorneys' fees, and his fees once he is appointed GAL by the Court will come out of costs.
- The Court indicates it will need to do more research on where Mr. Struck's fees can come from. If Mr. Struck's fees come out of attorneys' fees and not costs, would the parties like him appointed GAL? Mr. Gutierrez confirms Plaintiff would because Mr. Struck is already familiar with this complex case. Having Mr. Struck serve as GAL is more cost-effective and would result in a report being prepared more quickly, both of which are in Plaintiff's best interest. To save time and energy researching the issue, Mr. Gutierrez also agrees that the entirety of Mr. Struck's fees can come out of the 25% attorneys' fees and not out of costs.
- The Court will enter an order appointing Mr. Struck as GAL for the fairness hearing. The Court will set a fairness hearing for 5/15/2020 at 9:00 a.m. The Court will hold the hearing telephonically and Ms. Garcia can testify telephonically.
- Mr. Struck advises the Court that Ms. Garcia will need a Spanish speaking Court interpreter. The Court does not believe its interpreters are available for civil proceedings but will inquire about whether it can provide an interpreter for Ms. Garcia. Mr. Gutierrez notes that Plaintiff has provided an interpreter for Ms. Garcia in other situations and, if the Court cannot provide an interpreter, will contract for an interpreter's services at the fairness hearing.
- The parties discuss sealing the GAL report. Ms. Eaton confirms that they are working on a joint motion to approve the settlement and seal the GAL report. The Court is not inclined to seal the entirety of the fairness hearing but can seal portions if needed.
- The Court concludes the conference.